The opinion of the Court was delivered by
Gibson J.
The question before the jury, was, whether George P Hutchinson, the father of the plaintiffs below, and through whom they claim title, or his daughter Sarah Hutchinson, now Sarah M'-Peake, the wife of one of the defendants, was the original owner of the warrant which is the foundation of the claim on both sides. To shew it was taken out, not only in the name, but for the use of the daughter, the defendants below gave in evidence various acts done by Sarah M(Peake, before her marriage ; such as the paying of taxes, and part of the purchase money ; and then gave evidence of various conversations of George I. Hutchinson, the father, in which he declared, that his daughter never was a trustee for his use, but the original owner of the land, and that the warrant was taken out in her name, with money that came on the part of her mother. To counteract this, the plaintiffs then offered evidence of other declarations of George; I Hutchinson, made during other conversations than those given in evidence by the defendants, by which he denied that his daughter had any interest in the land, and asserted that the warrant was taken out for his own use. To this, the counsel for the defendants excepted; and the Court, thinking the evidence admissible, sealed a bill of exceptions. It is a clear and unalterable rule, that the declarations of parties, or privies, are not evidence to support the title under which, they claim. Here, the declarations offered by the plaintiffs, were distinct, and in every point of view, unconnected with those given in evidence by the defendants: they were therefore not admissible as being explanatory, and for the purpose of laying before the jury the whole of each conversation relied on by the defendants. It is not pretended, that every thing that was said on those occasions had not been detailed by the defendants witnesses. But the evidence is said to be competent on other grounds. As the defendants had given in evidence, the common reputation of the country in favour of the daughter’s ownership, founded, it is said, on the declarations of the father: and as the plaintiffs have a right to give evidence of a contrary reputation, they too, it is said, may trace it to its source, and shew it to have been founded on the assertions of the father. This is strange *298 reasoning. The reputation of the country, and the declarations of a party, are very different things. Such declarations cannot be rendered competent, by insisting, that they ought not to- be called declarations, but something else. Nor was the evidence competent to rebut the declarations before given in evidence, by shewing .they were made with a special view, inconsistent with the truth, and persisted in, only when some charge, such as for taxes, was made against George I. Hutchinson, on the ground of his reputed ownership. If that was the truth of the case, it was susceptible of other proof than the party’s own declarations ; which were no further evidence to prove it, than any other distinct fact. Another ground taken, that these declarations were made bn the land, and are therefore evidence, is not more tenable. The foundation of the argument does not, in fact, appear in the bill of exceptions ; but even if it did, the result would not be different. A naked declaration, which' refers to no act done, is not rendered competent by being merely made on the land : but a declaration explaining an act done at the time, such as an entry on the land, is competent; because the acts of a party in prosecution of his title, being competent evidence, all explanatory declarations then made, being part of the acts themselves, are also competent; but as the acts of the party, rather than as his declarations. Here the declarations proposed by the plaintiffs, referred to nothing of the kind, and were therefore improperly admitted. ■ '
The defendants having proved the declaration of George /. Hutchinson, that, prior to the date of the warrant, he had sold his improvement right to. the land in question to one Campbell, offered in evidence, the proceedings of the Orphans’ Court of Bedford county, under whose decree, founded on the petition of one of Campbell’s children, the land was sold. This was offered to corroborate the declaration of George I. Hutchinson, that he had sold to Campbell; but being objected to, it was over-ruled. It is not necessary to determine, what effect the evidence ought to produce, if it were admitted: it might perhaps serve to explain the reason of George I. Hutchinson's having taken the course he did, when he took out the warrant. The question is, whether the proceedings of the Orphans’ Court were admissible to corroborate the declai'ation of George I. Hutchinson. At this period, improvement rights were generally considered to be chat *299 tél interests, and passing by parol sales of them, might be proved by parol. The possession, or acts of ownership of George I Hutchinson himself, would clearly be evidence to corroborate George I. Hutchinson’s declaration, that he had sold to him : it would therefore seem, the acts of Campbell's heirs, (whom the law puts in his stead,) together with the proceedings of a Court of competent jurisdiction, founded on those acts, would be also competent. Without, then, dwelling on this point, which does not seem to be of much consequence to the event of the controversy, it is sufficient to say, we incline to think the evidence ought to have been admitted. The judgment must therefore be reversed, and a venire facias de novo awarded.
Judgment reversed, and a venire facias de novo awarded.